IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No. 05-cr-00218-LTB
Civil Action No. 07-cv-00555-LTB

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

RAMON VALENZUELA-VILLALVA,

    Defendant-Movant.
_____

ORDER
_____

    This case is before me on Defendant-Movant Ramon Valenzuela-Villalva's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Doc # 97**]. In addition, I address Movant's subsequently filed "Motion Requesting Decision of Motion under 28 U.S.C. § 2255" [**Doc #98**]. Oral arguments would not materially assist in the determination of these motions. For the reasons set forth below, I DENY Movant's § 2255 motion and, as such, DENY AS MOOT his motion requesting a determination.

### I. Background

    On September 14, 2005, Movant was charged via a Superceding Indictment with: conspiracy to possess with intent to distribute and to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count One); possession with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2 (Count Two); using, carrying or possessing a

firearm during and in relation to, or in furtherance of, a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(2)(Count Three); unlawful reentry into the United States following deportation, in violation of 8 U.S.C. 1326(a) and (b)(1)(Count Four); and forfeiture (Count Five).

At a trial preparation conference on January 26, 2006, Movant advised the Court that he wished to plead guilty. At a hearing on the next day, January 27, 2006, Movant pleaded guilty to Counts Two and Three. In consideration of Movant's guilty pleas, and his confession of Count Five, the Government agreed to dismiss all remaining counts. In addition, it agreed with Movant's request to be sentenced at the lowest end of the applicable guideline range, while reserving the right to object to any perceived error in the calculation thereof.

On April 19, 2006, the Court sentenced Movant to mandatory consecutive minimum terms of imprisonment of 121 months on Count Two (120-month mandatory minimum) and 60 months on Count Three. Judgment was entered on May 1, 2006, and Movant did not appeal.

Subsequently, on April 25, 2007, Movant filed the motion at issue here pursuant to 28 U.S.C. § 2255. After no decision was forthcoming, Movant filed a motion requesting a decision on his § 2255 motion on June 6, 2008. Pursuant to my order dated June 10, 2008, the Government responded to Movant's § 2255 motion on June 30, 2008.

## II. Ineffective Assistance of Counsel

In his § 2255 motion, Movant claims that he received ineffective assistance of counsel – in violation of his Sixth Amendment right to counsel – because his attorney failed to: 1) argue that the sentences imposed on Counts Two and Three should be concurrent; 2) request that the Court order the Government to move the Court to grant a third point for acceptance of

responsibility under U.S.S.G. § 3E1.1(b); and 3) argue to the Court that Movant be granted a mitigating role-in-offense adjustment, pursuant to U.S.S.G. § 3B1.2, as a minor participant in the offense.

In order to establish a claim of ineffective assistance of counsel, a criminal defendant must first show that counsel's performance was deficient – that is, that counsel made errors so serious as to deprive the defendant of the constitutional minimum guaranteed by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Second, a criminal defendant must show that his counsel's deficient performance prejudiced him – that is, that there is a reasonable probability that, but for the errors of counsel, the result of the proceeding would have been different. *Id.* at 687 & 690. Judicial scrutiny of counsel's performance is highly deferential, and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance." *Id.* at 689.

**A. Consecutive Sentencing**

Movant first asserts that his counsel's performance was deficient because his attorney failed to argue that the sentences imposed on Counts Two and Three should be concurrent. However, the sentences imposed by me on Counts Two and Three included statutorily mandated minimum sentences that must be served consecutively.

The statutory penalty prescribed for Count Two – possession with intent to distribute more than 50 grams of methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A) – is "a term of imprisonment which may not be less than 10 years [or 120 months] or more than life." 18 U.S.C. § 841(b)(1)(A)(viii). Count Three – using, carrying or possessing a firearm during and in relation to, or in furtherance of, a drug trafficking offense under 18 U.S.C. § 924(c)(1)(A) and

(c)(2) – has a statutory penalty of such an offense is "a term of imprisonment of not less than 5 years [60 months]." 18 U.S.C. § 924(c)(1)(A). The statute provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D).

As a result, I sentenced Movant to consecutive sentences, pursuant to the statutes involved. Movant's reliance on 18 U.S.C. § 3584(a) for his argument that he was entitled to imposition of concurrent sentences and that his counsel erred by failing to argue for such sentences is misplaced as that statute explicitly provides that concurrent sentences may not be imposed where a statute involved mandates imposition of consecutive sentences. *Id.* ("[m]ultiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively"). Therefore, Movant's attorney's failure to argue for concurrent sentences does not constitute ineffective assistance of counsel.

**B. One-point reduction under U.S.S.G. § 3E1.1(b) (acceptance of responsibility) & Downward adjustment in offense level under U.S.S.G. § 3B1.2 (minor role in offense)**

Movant also asserts that he received ineffective assistance when his counsel failed to argue for a reduction under the sentencing guidelines for either acceptance of responsibility, per U.S.S.G. § 3E1.19b), or for his minor role in the offense, per U.S.S.G. § 3B1.2.

As discussed above, I was required by statute to impose mandatory consecutive sentences totaling at least 180 months of imprisonment (*i.e.*, 120 months on Count Two and 60 months on Count Three). The sentence imposed by me was 181 months of imprisonment, with the additional month being imposed on Count Two. As a result, Movant's remaining allegations of

4

ineffective assistance of counsel for failure to argue a reduction necessarily relate only to the additional one-month period of incarceration.

With respect to Count Two, the Pre-Sentence Investigation Report found Movant's total offense level to be 30 and his criminal history category to be III, resulting in an advisory guideline range of 121-151 months of imprisonment on that count. In their plea agreement, the parties also estimated the advisory guideline range to be 121-151 months of imprisonment on Count Two. I found that the resulting advisory guideline range was 121-151 months of imprisonment and, as a result, I imposed the minimum advisory sentence of 121 months on Count Two.

**Acceptance of Responsibility**

Movant first asserts that his attorney should have asked me to compel the Government to move for a one point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). At the time of Movant's sentencing, § 3E1.1(b) provided in relevant part that:

> upon motion of the government stating that the defendant has assisted authorities in the investigation of prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

However, as noted, Movant gave oral notification that he wished to plead guilty, instead of going to trial, at the pre-trial conference on Thursday, January 26, 2006. Movant's trial was set to commence on Monday, January 30, 2006. As such, the Government would have engaged in substantial trial preparation *before* the pre-trial conference was held two business days prior to the commencement of the trial. Timeliness of a guilty plea is measured "by whether the notice

was given in time for the government to avoid preparing for trial and for the court to efficiently allocate its resources." *United States v. Smith*, 429 F.3d 620, 629 (6th Cir. 2005).

The Government defines what constitutes timeliness and what constitutes trial preparation. *United States v. Moreno-Trevino*, 432 F.3d 1181, 1186 (10th Cir. 2005). The Government's discretion to file a motion under § 3E1.1(b) constitutes "a power, not a duty." *Id.* at 1186. I am limited in my review of the Government's refusal to file a § 3E1.1(b) motion; I can only grant a remedy if I find the refusal was "(1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end." *Id.* (citations omitted). Movant alleges neither and, moreover, the record would not support either claim if alleged.

Accordingly, Movant cannot demonstrate that his counsel erred by failing to ask this Court to compel the Government to file a § 3E1.1(b) motion. And, as a result, his related ineffective assistance of counsel claim fails because he has cannot show that his counsel's performance was deficient.

**Minor Role in Offense**

Movant also asserts that his counsel was ineffective in failing to argue that he was entitled to a downward adjustment in the offense level, under U.S.S.G. § 3B1.2, because he was only a minor participant in the offense. Section 3B1.2(b) permits a court to reduce a defendant's offense level by two levels if the defendant was a "minor participant" in the criminal activity.

The minor participant inquiry must "focus upon the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense." *United States v. Salazar-Samaniega*, 361 F.3d 1271, 1277 (10th Cir.

2004). It is the defendant's burden to establish by a preponderance of the evidence that he is entitled to an offense reduction under U.S.S.G. § 3B1.2. *United States v. Ayers*, 84 F.3d 382, 383 (10th Cir. 1996).

There is nothing in the record that would have supported an argument that Movant was a minor participant in the criminal offense; rather, the facts admitted by Movant in his plea agreement make it clear that Movant was at least as culpable as the average participant in the offense, if not more culpable than other participants. The admitted facts clearly contradict Movant's claim here that, his presence at the scene was merely because he was helping to deliver the drugs. Likewise, there is nothing in the record to support Movant's assertion that a co-defendant "made the deal." Rather, the facts admitted by Movant indicate that he was to provide security during the drug transaction in that he was armed with a loaded semi-automatic handgun (found under his seat), and he possessed extra ammunition in another magazine for the handgun. Nothing in the record supports Movant's conclusory claim that he was merely "helping" and, in turn, that he was entitled to a mitigating role-in-offense adjustment.

As such, he cannot demonstrate that his counsel provided constitutionally deficient representation by failing to argue for a downward adjustment in his offense level under § 3B1.2, as a minor participant in the offense. In order for a defendant to meet his burden of proving entitlement to a § 3B1.2 adjustment, he must come forward with enough evidence to allow the district court to make findings of fact regarding his position in the enterprise and his relative culpability that are not based upon pure speculation. *United States v. Nunez-Gutierrez*, 5 F.3d 548, 1993 WL 336007 at n. 2 (10th Cir. 993)(unpublished)(*citing United States v. Carruth*, 930 F.2d 811, 815 (10th Cir. 1991)). Movant cannot meet his burden.

Accordingly, Movant has failed to demonstrate that his attorney's performance was deficient in any way, much less that it was constitutionally inadequate. As such, he claim for ineffective assistance of counsel claim fails.

ACCORDINGLY, for the reasons set forth above, IT IS HEREBY ORDERED that Defendant-Movant Ramon Valenzuela-Villalva's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Doc # 97**] is DENIED.  As a result, his related "Motion Requesting Decision of Motion under 28 U.S.C. § 2255"  [**Doc #98**] is DENIED AS MOOT.

Dated: August    29   , 2008, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE